**HOSKINS LUMBER CO., INC.,**
**Plaintiff–Appellee,**

v.

**The UNITED STATES, Defendant–**
**Appellant.**

**No. 95–5114.**

United States Court of Appeals,
Federal Circuit.

July 12, 1996.

James N. Westwood, Miller, Nash, Wiener, Hager & Carlsen, Portland, Oregon, argued

for plaintiff-appellee. With him on the brief was Douglas M. Ragen.

John K. Lapiana, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., argued for defendant-appellant. On the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Lisa B. Donis, Attorney.

Before MICHEL, RADER and BRYSON, Circuit Judges.

PER CURIAM.

The government appeals from the March 16, 1995, decision of the United States Court of Federal Claims, No. 323–88 C, dismissing the government's counterclaim for damages under the "no resale" clause of its timber contract with Hoskins Lumber Co. (Hoskins). The trial court denied the government's motion for reconsideration on April 6, 1995, adhering to its earlier conclusion that it "did not have reliable testimony sufficient to understand how defendant was damaged, much less to guess an amount." The appeal was submitted for decision after oral argument on April 4, 1996. Because the "no resale" clause at issue requires Hoskins to pay damages according to a set formula incorporating values derived from an appraisal that "shall be made with the standard Forest Service method in use at [the] time of termination," and there is insufficient evidence in the record to support the finding that the government failed to make its appraisal according to the standard Forest Service method, we reverse and remand the case to the trial court with the instruction that it enter judgment in favor of the government in the amount of $229,577.37 plus interest.

DISCUSSION

The case is before us a second time in as many years. In 1994, we reversed the trial court's conclusion that the government could not recover damages against Hoskins according to the formula set out in standard timber contract section B9.4, the operative contract provision. *Hoskins Lumber Co. v. United*

*States,* 20 F.3d 1144 (Fed.Cir.1994).* Having concluded that the instant case was factually indistinguishable from that presented by *Madigan v. Hobin Lumber Co.,* 986 F.2d 1401 (Fed.Cir.1993), we held that the government was "entitled to damages under the formula in the contract" and thus remanded "the issue of damages to the Court of Federal Claims for application of the contract section setting forth a measure of damages in the event of no resale." *Hoskins,* 20 F.3d at 1148.

On remand, over the government's objection, the trial court granted Hoskins' request to hold a hearing "to determine damages." After the trial, which included testimony from relevant government witnesses indicating that the Forest Service correctly conducted the appraisal required by section B9.4 and correctly calculated damages according to the formula in section B9.4, the court granted Hoskins' motion for directed verdict, treating it as a motion to dismiss. According to the trial court, Hoskins had "demonstrated through cross-examination of defendant's witnesses that defendant's appraisal was deficient," and the government had not "made the showing necessary for the court to make 'a determination of the damages under the contract' as required by the remand order."

The government appeals, contending that the trial court erred in allowing Hoskins to mount any challenge to the validity of the appraisal, and that, even if Hoskins should be permitted to challenge the appraisal's validity, only the Forest Service's compliance *vel non* with its standard appraisal method is open to challenge under the express terms of section B9.4. Although, given the complexity and long life of the case, we are not persuaded that the trial court erred in providing Hoskins an opportunity to try the question of whether the government complied with its standard appraisal method, we agree with the government that that is the *only* question on which Hoskins was entitled to a trial. The questions of whether or how the government was damaged by the absence of a resale were not properly before the trial court, having been resolved in the government's favor by our mandate in the first appeal.

The terms of section B9.4 make it clear that the only appraisal to which Hoskins was entitled was one that complied in all material respects "with the standard Forest Service method in use at [the] time of the termination" of the timber contract. Hoskins was emphatically *not* entitled to a "fair" appraisal, an "accurate" appraisal, a "reasonable" appraisal, or any manner of appraisal other than the one indicated in section B9.4. Under section B9.4, compliance with the standard appraisal method is the sole measure of its accuracy and reliability.

The government established at the hearing that it conducted the appraisal according to its standard method. Unlike the trial court, we can discern nothing in what was revealed by Hoskins' cross-examination of the government's witnesses that undermines their testimony on this basic—indeed, the only relevant—point. On this record, the trial court thus clearly erred in finding that the government's appraisal was "deficient." As a result, the government is entitled to judgment in the amount of $229,577.37 ($234,347.32 from the CO's decision, less the $4,769.95 adjustment for downpayment and midpoint payment changes), plus interest.

*REVERSED AND REMANDED.*

COSTS

Costs in favor of the government.

---

* We assume familiarity with the more detailed statement of background facts contained in this earlier opinion.